# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PACT XPP SCHWEIZ AG<br><br>               Plaintiff,<br><br>   v.<br><br>INTEL CORPORATION<br><br>               Defendant. | C.A. No. 19-1006-JDW<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

## PACT XPP SCHWEIZ AG'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL INTEL'S PRODUCTION OF CORE TECHNICAL DOCUMENTS

Dated: January 6, 2020

Danielle L. Gilmore (admitted *pro hac vice*)
Frederick A. Lorig (admitted *pro hac vice*)
Pushkal Mishra (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel : (213) 443-3047
daniellegilmore@quinnemanuel.com
fredericklorig@quinnemanuel.com
pushkalmishra@quinnemanuel.com

Mark Tung (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel.: (650) 801-5016
marktung@quinnemanuel.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Ziyong Li (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
seanli@quinnemanuel.com

ATTORNEYS FOR PLAINTIFF
PACT XPP Schweiz AG

I. **INTRODUCTION AND PROCEDURAL HISTORY**

PACT XPP Schweiz AG ("PACT" or "Plaintiff") first asserted the 12 patents-in-suit against Intel Corporation ("Intel") on February 7, 2019 in its complaint in *PACT XPP Schweiz AG v. Intel Corporation*, CA 19-267 (D. Del. Feb. 7, 2019) ("PACT Complaint") and provided detailed claim mappings and representative evidence for each of the asserted claims. Specifically, PACT identified the following accused features: the ring/mesh bus, power management such as Turbo Boost, Foveros stacking, and defect testing and management.[1] PACT also identified the main accused architectures as being "Sandy Bridge, Ivy Bridge, Haswell, Broadwell, Skylake, Kaby Lake, Coffee Lake, Cannon Lake, Ice Lake, and above." *See id*. at ¶¶ 33, 34.[2] On March 26, 2019, PACT served a set of early Requests For Production, requesting technical documents regarding the accused features.

At the early stages of the case, Intel filed its own declaratory judgment action in the Northern District of California. Intel identified specific non-infringement theories for each of the patents-in-suit[3], which demonstrates Intel had a good understanding of which features were accused. After reaching a venue agreement, the case was re-filed in Delaware on May 30, 2019, which is the present case. Soon after filing, on July 15, 2019, PACT re-served its Requests For Production of documents identifying the core functionalities of the accused products. The Scheduling Order entered on July 16, 2019 stated, "[o]n or before August 30, 2019, defendant shall produce to the plaintiff the core technical documents related to the accused products/methods, including but not limited to operation manuals, product literature, schematics, and specifications." D.I. 20 at 5. Given Intel's declaratory judgment filing in the California

---

[1]  PACT Complaint, ¶¶ 10-14, 167 (D. Del. Feb. 7, 2019).
[2]  PACT also provided Intel a list of accused products on July 15, 2019. *Li. Decl.*, ¶ 2, Ex. A.
[3]  *See Intel Corporation v. PACT XPP Schweiz AG*, CA 19-cv-2241, Complaint ("Intel Complaint"), ¶¶ 60, 66, 72, 78, 84, 90, 96, 102, 108, 114, 120, 126 (N.D. Cal. April 25, 2019).

court and its representation that Intel "is ready to proceed in [the California] action,"[4] its core technical documents ("Core Documents") must have been ready for production well before August 30, 2019. However, even now, Intel's Core Documents remain deficient. Intel's continued refusal to comply with its obligations significantly prejudices PACT's preparation of its infringement case and claim construction.[5] PACT therefore seeks the Court's assistance.

## II.  INTEL'S PRODUCTION VIOLATES THE SCHEDULING ORDER

Pursuant to the Scheduling Order in this case, Intel's production of Core Documents must be completed 42 days before infringement contentions and no later than 3 1/2 months before the start of claim construction, so PACT can make an informed decision on selection and construction of claim terms. However, Intel has violated the Scheduling Order and four months after the deadline, its Core Documents production is still deficient, forcing PACT to serve its infringement contentions and propose terms for construction without the benefit of essential and required infringement evidence. The timely production of Core Documents is especially important here, because PACT's assertions cover many architectures spanning multiple years. Based on public information, PACT believes that certain accused features are likely carried over in several architectures, but the public information does not have the granularity to discern which specific features are carried over in which architectures.[6] PACT thus needs Intel's Core Documents to determine these details. PACT cannot finalize a set of representative products and documents without the Core Documents. The production of Core Documents is an important

---

[4]  *PACT XPP Schweiz AG v. Intel Corporation*, CA 19-cv-273, D.I. 13 at 2 (W.D. Tex. May 15, 2019).
[5]  Pursuant to the Scheduling Order, the parties shall exchange a list of terms for construction on December 20, 2019 and exchange proposed construction on January 17, 2020. The parties shall submit a Joint Claim Construction Chart to the Court on January 31, 2020. D.I. 20 at 6.
[6] *See Li Decl.*, ¶ 3, Ex. B.

requirement precisely because it will streamline the case at both the pre-trial and trial stages, and increase the efficiency of case management.

Intel actually produced over one million pages of "Core Documents," but its obligations are not satisfied by volume alone. In fact, a vast majority appear to be irrelevant, making it burdensome for PACT to find the relevant information. ███████████████████████ ███████████████████████████████████████[7] ███████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████

Furthermore, Intel's Core Documents are missing several accused architectures. ███ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ Even though Intel has identified certain Core Documents, many of those documents in fact do not include the accused features. During the parties' meet and confer, Intel directed PACT to review Intel's source code production. However, source code information is not sufficient to meet Intel's obligation to produce the Core Documents. *See, e.g., Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*, 316 F.R.D. 89, 95 n.11 (D. Del. 2016) ("The Court is aware of no rule that states that if a defendant has produced source code, Plaintiff is not entitled to any other 'core technical documents.'").

---

[7] *See* Li Decl., ¶ 4, Ex. C.

3

Intel has produced several million source code files, where the index alone is millions of lines. The source code is only available in Intel counsel's office for inspection, which must be scheduled with several days' prior notice. Considering the burden involved in reviewing source code, it cannot be a substitute for Intel's discovery obligation to produce Core Documents.

Even for Core Documents that relate to relevant architectures, Intel produced multiple versions of dozens of specifications, and refused to identify which version represents the actual products on the market. Because Core Documents are defined to be "documents related to the accused products/methods," D.I. 20 at 5, and the "accused products" are the products actually sold on the market, Intel's production is deficient. ███████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████ PACT first raised these deficiencies in an October 9, 2019 letter and subsequent meet and confer letters, all of which are attached as Exhibit D, as well as in telephone conferences, but Intel has refused to remedy them.

### III. DELAWARE'S PRECEDENT AND PACT'S PROPOSAL

The Courts of this District have precedent procedure for resolving similar disputes. For example, in *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd.*, the plaintiff accused over a hundred of chips manufactured by the defendant.[8] The Court ordered a four-step procedure. First, defendant had to identify all processes used to manufacture the accused chips. This was helpful because the accused features were determined by the manufacturing process. Second, the defendant had to produce a set of "sample" core technical documents for three processes. *Id*. Third, the plaintiff had to identify with specificity any information missing from

---

[8] *Elm 3DS Innovations, LLC v. Samsung Electronics Co., Ltd.*, CA 14-1430-LPS-CJB, D.I. 35 at 3-4 (D. Del. June 30, 2015), *Li Decl*. ¶ 6, Ex. E.

4

the proposed core technical documents, but required to prepare the infringement case. *Id*. Fourth, the defendant had to produce "a set of core technical documents for each unique process that represent all of the Accused Products." *Id*.

A similar procedure should be adopted and is suitable here. Intel's unique "tick–tock" production model makes the grouping of the accused architectures simple, because only the tock generations introduce new architecture, and the tick generations are simply a size shrinking of the previous tock architecture without many changes.[9] Thus, PACT proposes a four-step procedure in its Proposed Order comparable to the procedure designed in the *Elm 3DS* case:

1. Seven days after the Order, Intel will determine the representative architectures for each accused feature identified in PACT's infringement contentions;
2. Seven days after the Order, Intel will produce, or identify the bates number of, a set of sample core technical documents of the representative architectures for each accused feature ("proposed core technical documents");
3. Twenty one days after the Order, PACT will identify for Intel with specificity any information that it believes is missing from the proposed core technical documents, but which is required for PACT to prepare its infringement case;
4. Thirty five days after the Order, Intel will provide a set of core technical documents for each of the identified unique architecture that represent all of the accused features of all accused products.

PACT also asks the Court for leave to supplement its claim construction proposal 7 days after Intel produces all Core Documents.

## IV. CONCLUSION

PACT is unable to properly construe claims without a complete production of Core Documents. Intel should be ordered to comply with its obligation to produce Core Documents without further delay according to the proposal above, which has been used before in this District.

---

[9] *See Li Decl.*, ¶ 3, Ex. B.

Dated: January 6, 2020

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Danielle L. Gilmore (admitted *pro hac vice*)
Frederick A. Lorig (admitted *pro hac vice*)
Pushkal Mishra (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel : (213) 443-3047
daniellegilmore@quinnemanuel.com
fredericklorig@quinnemanuel.com
pushkalmishra@quinnemanuel.com

Mark Tung (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel.: (650) 801-5016
marktung@quinnemanuel.com

Ziyong Li (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
seanli@quinnemanuel.com

ATTORNEYS FOR PLAINTIFF
PACT XPP Schweiz AG