## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**PACT XPP SCHWEIZ AG,**

*Plaintiff,*

    **v.**

**INTEL CORPORATION,**

*Defendant.*

**Case No. 1:19-cv-01006-JDW**

## <u>ORDER</u>

**AND NOW**, this 4th day of August, 2022, upon consideration of the Parties' Joint Motion To Seal (D.I. 292), the Court notes as follows.

1.     The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to seal in patent cases.

2.     The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020),

*report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

3.     A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same). "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Corp.,* 529 F.Supp. 866, 890 (E.D.Pa.1984)).

4.     In its submission in support of this Motion, PACT makes various assertions about the need to protect information that it has submitted to the Court, the disclosure of which it claims would cause it "significant competitive harm" by allowing companies to use confidential financial and business information in negotiations with PACT. Although PACT makes these general statements about all the documents for which it

seeks a sealing order, it does not make any document-specific showing. That is, it does not provide the information to permit the Court to conduct the required document-by-document review to determine whether to place specific documents (or parts of them) under seal.

5.      This is not just a rhetorical failure. There are several apparent problems with PACT's position.

a.      For some documents, it is not obvious what information PACT contends justifies a sealing order. For example, Exhibit 11 to the Declaration of Frederick A. Lorig in Support of PACT's Opening Brief in Support of its Motion for Summary Judgment (D.I. 285-7) is an excerpt from an expert report that discusses inventorship, among other things. Nothing in the document references the type of financial information that PACT contends warrants sealing in this case. More generally, nothing in that document on its face justifies sealing. Likewise, Exhibit 20 to that declaration (D.I. 285-15) is an email from July 2007 discussing the breakdown of a potential transaction involving PACT patents. PACT does not explain what material in this document makes it confidential or why a 13-year-old document still has to be confidential. Similar problems arise with Exhibits 18, 21-23, and 42 to the Lorig Declaration. (D.I. 285-11, 13-15, and 32.) For each of these documents, PACT asserts that potential licensees could gain undue leverage in negotiations if this information were disclosed, but it does not articulate just how they could do so. A party's "vague assertions … that the disclosure would render it at a tactical disadvantage are

insufficient to overcome [the] strong presumption of [access to judicial records]."
*Avandia*, 924 F.3d at 676 (quotation omitted).

b.      For other documents, PACT has proposed redactions, without explaining the need for each redaction. For example, PACT's brief in support of its motion for summary judgment (D.I. 282) contains a multitude of proposed redactions without an explanation of each proposed redaction. On their face, some just seem to be PACT's attempt to hide from public view embarrassing internal communications. Similarly, PACT's brief in support of its motion to preclude the expert opinions of David Hricik (D.I. 276) proposes many redactions, but it does not provide an explanation for each redaction. It is not the Court's job to lay the proposed redacted version side-by-side with the unredacted version and then try to divine the basis for a redaction. PACT has failed to meet its burden of overcoming the common law right of access for these documents.

c.      PACT's proposed redactions to Exhibit A to the Declaration of Frederick A. Lorig Filed in Support of PACT's Opening Brief in Support of its Daubert Motion to Exclude the Expert Opinions of Robert Still and Exhibits A, B, and C to the Declaration of Frederick A. Lorig in Support Of PACT's Opening Brief In Support Of Its Daubert Motion To Exclude The Expert Opinions Of David Hricik (D.I. 280-1, 277-1, 277-2, and 277-3) also do not warrant sealing. The redactions cover PACT's sales and licensing strategies between 2003 and 2009, as well as its contemporaneous business strategies and internal valuations of its patent portfolio. Again, PACT provides no reason for each redaction, nor does PACT explain why this information from more than

a decade ago has value now or how its disclosure could impact current negotiations. The Court sees no reason why any portion of these judicial materials should be hidden from public view.

       d.     In Exhibit 26 attached to the Declaration of Christopher Lawless in Support of Intel Corporation's Opening Brief in Support of its Summary Judgment Motion and its Motion to Strike (D.I. 284-26), PACT requests the lone redaction of a third-party royalty rate for comparable patent licenses. Once more, PACT provides no reason for this redaction, and it is not the Court's job to divine one. As such, PACT has failed to carry its burden for redacting this exhibit.

      6.     In its brief in support of the joint motion, Intel has also failed to meet its burden for some of the material it wishes to place under seal.

       a.     Exhibit 10 to the Declaration of Frederick A. Lorig in Support of PACT's Opening Brief in Support of its Motion for Summary Judgment (D.I. 285-7) is an agreement between PACT and Intel from October 2007. With its assertion that "it generally keeps such business agreements confidential and disclosure of the agreement, and the terms, would cause competitive harm to Intel," Intel does not overcome the presumption of public access to judicial materials. Intel does not explain what harm it would sustain it if a 15-year-old business agreement was made public, and it is not obvious that such harm even exists. Thus, Intel has failed to carry its burden for sealing this agreement.

       b.     Exhibit 28 to the Declaration of Frederick A. Lorig in Support of PACT's Opening Brief in Support of its Motion for Summary Judgment (285-18) is Intel

Corporation's Supplemental Objections and Responses to PACT XPP Schweiz AG's Interrogatories. Intel's two proposed redactions to the document involve references to the rights that PACT agreed not to assert in the 2007 agreement between PACT and Intel. The redactions do not cover "technical details regarding Intel's system architecture," as Intel asserts in its brief in support of the joint motion to seal. (D.I. 300 at 6.) Accordingly, for the same reason that Intel has failed to carry its burden with regards to sealing the underlying covenant not to sue, Intel has failed to carry its burden with these redactions referencing that agreement.

7.      Intel has, however, demonstrated that many of the documents that it seeks to place under seal contain material that overcomes the presumption of public access to judicial materials. Intel has demonstrated that many of the documents that it seeks to place under seal contain descriptions and references to source code, technical specifications, internal component descriptions, and architectural diagrams. This highly technical, non-public information is the type of confidential business information that courts will protect from disclosure. *See J Morita Mfg. Corp. v. Dental Imaging Techs. Corp.*, No. CV 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021); *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, No. CV 16-3595 (CCC/MF), 2017 WL 2782639, at *2 (D.N.J. Mar. 3, 2017). Intel has presented evidence that making this information public and available to its rivals "would provide Intel's competitors with otherwise confidential [information] regarding how Intel writes software and organizes data structures for its proprietary applications." (D.I. 300 at 5.) As a result, if this information were disclosed, Intel would suffer a significant competitive disadvantage.

8.      Intel has carried its burden to seal in their entirety Exhibits 17, 18, 22-24, 27, 39, 40, 42, 48-51, 53-67, 69-70, and 73-76 attached to the Declaration of Christopher Lawless (D.I. 284-17, 18, 22-24, 27, 39, 40, 42, 48-51, 53-67, 69-70, and 73-76.) It has also satisfied its burden for its proposed redactions of the following documents:

a.      PACT's Concise Statement Of Material Facts (D.I. 283);

b.      Intel's Opening Brief In Support Of Its Motion For Summary Judgment (D.I. 271);

c.      Intel's Statement Of Undisputed Material Facts In Support Of Its Motion For Summary Judgment (D.I. 272);

d.      Intel's Opening Brief In Support Of Its Motion To Strike Portions Of PACT's Expert Report (D.I. 274);

e.      Exhibits 6, 7, 16, 25, 41, and 72 attached to the Declaration Of Christopher Lawless (D.I. 284-6, 7, 16, 25, 41, and 72); and

f.      Exhibits 1 and 28 attached to the Declaration Of Frederick Lorig (D.I. 285-1 and 285-18.)

9.      Both Intel and PACT propose sealing portions of PACT's Statement of Material Facts in Support of its Motion for Summary Judgment (D.I. 283) in their briefs in support of the Joint Motion. However, only some of the proposed redactions overcome the presumption of public access to judicial materials.

a.      The proposed redactions found in paragraphs 33 – 98 of PACT's Statement of Material Facts in Support of its Motion for Summary Judgment (D.I. 283

7

¶¶ 33-98) cover references to the kind of highly technical information that would harm its owner were it disclosed. These paragraphs should remain under seal.

    b. The proposed redactions found in paragraphs 100 – 113 of PACT's Statement of Material Facts in Support of its Motion for Summary Judgment (D.I. 283 ¶¶ 100-113) cover PACT's prior business dealings and litigation. Neither brief provides specific justification for these redactions, and the Court does not see why this material should be shielded from the public eye. So, the Court will deny these redactions.

    In light of the foregoing, it is **ORDERED** that the Parties' Joint Motion To Seal (D.I. 292) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    1. The motion is **GRANTED** as to D.I. 284-17, 284-18, 284-22, 284-23, 284-24, 284-27, 284-39, 284-40, 284-42, 284-48, 284-49, 284-50, 284-51, 284-53, 284-54, 284-55, 284-56, 284-57, 284-58, 284-59, 284-60, 284-61, 284-62, 284-63, 284-64, 284-65, 284-66. 284-67, 284-69, 284-70, 284-73, 284-74, 284-75, 284-76, 271, 272, 274, 284-6, 284-7, 284-16, 284-25, 284-41, 284-72, 285-1, and 283 ¶¶ 33-98;

    2. The motion is **DENIED** in all other respects.

    It is **FURTHER ORDERED** that the Parties shall un-redact their respective documents, consistent with the Court's rulings above, and re-file those documents by August 10, 2022.

                 **BY THE COURT:**

                 */s/ Joshua D. Wolson*
                 **HON. JOSHUA D. WOLSON**
                 **United States District Judge**