# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PACT XPP SCHWEIZ AG,**<br><br>*Plaintiff,*<br>v.<br><br>**INTEL CORPORATION,**<br><br>*Defendant.* | Case No. 1:19-cv-01006-JDW |

## ORDER

**AND NOW**, this 4th day of August, 2022, upon consideration of the Parties' Joint Motion To Seal (D.I. 319), the Court notes as follows.

1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to seal in patent cases.

2. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020),

*report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

3. A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same). "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Corp.,* 529 F.Supp. 866, 890 (E.D.Pa.1984)).

4. In its submission in support of this Motion, PACT makes various assertions about the need to protect "highly confidential financial and competitive business information" that it has submitted to the Court, the disclosure of which it claims would cause it "real and serious competitive harm" by allowing companies to gain leverage in negotiations with PACT. (D.I. 320 at 3.) Although PACT makes these general

2

statements about all the documents for which it seeks a sealing order, it does not make any document-specific showing. That is, it does not provide the information to permit the Court to conduct the required document-by-document review to determine whether to place specific documents (or portions thereof) under seal.

     5.    As with its briefing in support of the Parties' earlier joint motion to seal, there are several problems with PACT's position.

          a.    For some documents, it is not obvious what information PACT contends justifies a sealing order. For example, Exhibit V to the Declaration of Frederick A. Lorig in Support of PACT's Opposition to Intel's Motion for Summary Judgment (D.I. 318-22) is a non-disclosure agreement from 2005. It contains no references to the type of financial or business information that PACT contends warrants sealing, nor is there anything that on its face justifies sealing. Exhibit Z to that same Declaration (D.I. 318-26) is an email from 2012 indicating that PACT had concluded litigation and was willing to enter patent negotiations with Intel. Again, PACT gives no specific reason for why it should be sealed, and again, the Court cannot see one. PACT also fails to carry its burden with Exhibit Y to that Declaration (D.I. 318-25), a 15-year-old email chain discussing PACT presenting its patents to Intel. Though PACT asserts "potential licensees could use this information to gain undue leverage in negotiations," it does not articulate how they could do so, and the Court can't figure it out. A party's "vague assertions … that the disclosure would render it at a tactical disadvantage are insufficient to overcome [the] strong presumption of [access to judicial records]." *Avandia*, 924 F.3d at 676 (quotation omitted).

b. Other documents contain information that may be of the type that courts tend to protect, but PACT makes no showing to support sealing. For example, Exhibits W and X to the Declaration of Frederick A. Lorig in Support of PACT's Opposition to Intel's Motion for Summary Judgment (D.I. 318-23 and 318-24) are PACT slides from 2005 and 2006 that present the company and its technology. Some of the slides contain technical descriptions and schematics, information that if proprietary and current, could cause harm if disclosed. But PACT does not claim as much. Instead, its briefing makes the broad assertion that the "[e]xhibits contain PACT's highly confidential financial and competitive business information, disclosure of such information would cause real and serious competitive harm to PACT, and the information does not need to be disclosed to the public to understand the filings at issue." (D.I. 320 at 3.) This generalized statement fails to provide specific examples of harm, and its reasoning that the "information does not need to be disclosed to the public" attempts to flip the burden espoused in *Avandia*. In addition, the age of these documents makes any claim of their current value suspect, at best. It is PACT's job to demonstrate why sealing is warranted, and it has failed to do so with these exhibits.

c. PACT also fails to carry its sealing burden with regards to exhibits 18, 19, 20-24, 26, 33-35, 37, and 46 attached to the Declaration of Christopher Lawless in Support of Intel's Opposition to PACT's Motion for Summary Judgment. (D.I. 313-10, 313-11, 18-24, 26, 33, 34, 35, 37, and 50.) These exhibits reference decade-old internal PACT assessments of its patent portfolio and claim value, as well as internal PACT projections and discussions of license agreements from the same time. As with

4

PACT's other sealing requests, these appear to be an attempt to hide potentially embarrassing material, but each lacks the legal basis that warrants sealing. And like those similar requests, PACT provides no reasoning for each, particularly given their age. PACT has failed to meet its burden of overcoming the common law right of access for these documents.

        d.    For other documents, PACT proposes redactions without explaining the reasoning behind each. For example, PACT has proposed redactions to Intel's Briefs in Opposition to PACT's Daubert Motions to Exclude the Expert Opinions of David Hricik and Robert Stoll. (D.I. 314 and 316.) These redactions cover references to internal beliefs about PACT's patent and claim values. It bears repeating that, although these references might be embarrassing, that embarrassment is not enough to justify placing it under seal. Thus, the Court will deny the proposed redactions.

      6.    Intel has demonstrated that many of the documents that it seeks to place under seal overcome the presumption of public access to judicial materials. Many of the documents that Intel seeks to place under seal contain descriptions and references to source code, technical specifications, internal component descriptions, and architectural diagrams. This highly technical, non-public information is the type of confidential business information that courts will protect from disclosure. *See J Morita Mfg. Corp. v. Dental Imagining Techs. Corp.*, No. CV 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021); *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, No. CV 16-3595 (CCC/MF), 2017 WL 2782639, at *2 (D.N.J. Mar. 3, 2017). Intel has presented evidence that making this information public and available to its rivals "would provide

Intel's competitors with otherwise confidential [information] regarding how Intel writes software and organizes data structures for its proprietary applications." (D.I. 328 at 5.) As a result, if this information were disclosed, Intel would suffer a significant competitive disadvantage.

7. Intel has carried its burden to seal in their entirety Exhibits AN, B, F, P, and R to the Declaration of Frederick A. Lorig in Support of PACT's Motion for Summary Judgment (D.I. 318-40, 2, 6, 16, 18), Exhibits A, G, H, I, and J to the Declaration of Frederick A. Lorig in Support of PACT's Opposition to Intel's Motion to Strike (D.I. 308-1, 7, 8, 9, and 10), and Exhibit 49 attached to the Declaration of Christopher Lawless in Support of Intel's Opposition to PACT's Motion for Summary Judgment. (D.I. 313-53.) It has also satisfied its burden for its proposed redactions of the following documents:

    a. Exhibits A, AL, C, and Q attached to the Declaration of Frederick A. Lorig in Support of PACT's Opposition to Intel's Motion for Summary Judgment (D.I. 318-1, 38, 3, and 17);

    b. PACT's Brief in Opposition to Intel's Motion to Strike (D.I. 306);

    c. PACT's Brief in Opposition to Intel's Motion for Summary Judgment (D.I. 311);

    d. Exhibits D, E, F, K, and L to the Declaration of Frederick A. Lorig in Support of PACT's Opposition to Intel's Motion to Strike (D.I. 308-4, 5, 6, 11, and 12); and

    e.  Exhibits 1, 4, 6, 15, 16, 17, and 48 attached to the Declaration of Christopher Lawless in Support of Intel's Opposition to PACT's Motion for Summary Judgment (D.I. 313-1, 4, 6, 15, 16, 17, and 52.)

  8.  In its brief in support of the joint motion, Intel has failed to meet its burden for some of the material it wants to place under seal.

    a.  Exhibits 10 and 11 attached to the Declaration of Christopher Lawless in Support of Intel's Opposition to PACT's Motion for Summary Judgment (D.I. 313-10 and 313-11) are deposition transcripts that include references to the implementation of technology and related sales in the late 1990s and early 2000s, and Exhibit 7 to that same Declaration (D.I. 313-7) is a technical manual from 1989. Intel notes these documents were produced in response to third party subpoenas and designated by those parties as "OUTSIDE ATTORNEYS EYES ONLY." (D.I. 328 at 2.) Intel asserts they should remain under seal because Intel is obligated to maintain their confidentiality per a protective order entered in this case. *Id*. Intel does not, however, explain why these materials are of the sort courts tend to protect, or how their disclosure would cause harm. Simply marking something "confidential" does not meet the high standard required to overcome the strong presumption of public access to judicial materials. Intel has failed to carry its burden, and the Court cannot readily see why it should seal references to a company's products, technology, and sales from decades ago.

    b.  In its briefing, Intel has requested redactions to two exhibits that do not appear on the Joint Motion to Seal. Exhibits B and C attached to the Declaration

of Frederick A. Lorig in Support of PACT's Opposition to Intel's Motion to Strike (D.I. 308-2 and 308-3) are letters between counsel that discuss PACT's infringement contentions. Intel's proposed redactions cover references to how the language of PACT's claim could be ambiguous and associated discussion on claim construction. Intel's brief gives no specific reason for these redaction requests beyond the broad assertion that they cover highly technical information regarding details of the system architecture of a number of Intel products. But having reviewed the documents, the Court does not see anything highly technical or proprietary in the information. Intel's briefing does not justify its proposed redactions, so the Court will deny Intel's request.

9. There are other documents for which the Parties have proposed redactions that should only be granted in part.

a. The redactions proposed to Intel's Brief in Opposition to PACT's Motion for Summary Judgment (D.I. 305), to Intel's Response to PACT's Statement of Undisputed Material Facts (D.I. 307), and to PACT's Response to Intel's Statement of Undisputed Material Facts (D.I. 344) fall into two categories. First, some reference Intel's proprietary technical material. These proposed redactions are found in Section II of the Intel's Brief in Opposition to PACT's Motion for Summary Judgment, in paragraphs 120-154 of Intel's Response to PACT's Statement of Undisputed Material Facts, and in paragraphs 120-171 of PACT's Response to Intel's Statement of Undisputed Material Facts. The Court will grant these requests for the same reasons as given for Intel's other requests to seal proprietary technical material. Second, there are requests covering PACT's purportedly inequitable conduct, and they are in Sections

V.B & C of Intel's Brief in Opposition to PACT's Motion for Summary Judgment, paragraphs 172-206 of Intel's Response to PACT's Statement of Undisputed Material Facts, and in paragraphs 173-206 of PACT's Response to Intel's Statement of Undisputed Material Facts. It appears these inequitable conduct redactions only serve to save PACT from potential embarrassment, and neither Party's briefing explains why these are the types of documents that courts protect nor the harm that will arise from their disclosure. They therefore have not overcome the strong presumption of public access to judicial materials.

10. Intel has requested to redact proprietary technical information from two documents, the Rebuttal Expert Report of Glenn Reinman, Ph.D. (D.I. 318-8) and the transcript of the Videotaped Deposition of Glenn Reinman, Ph.D. (D.I. 318-39), but the Court has reviewed the purportedly redacted versions of each (D.I. 326-1 and 326-4) and can find no redactions. Understanding that this may be a filing error, and sensitive to the risk of the inadvertent disclosure of confidential proprietary technical information, the Court will give Intel the opportunity to refile redacted versions of each document.

In light of the foregoing, it is **ORDERED** that the Parties' Joint Motion To Seal (D.I. 292) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The motion is **GRANTED** as to D.I. 318-40, 318-2, 318-6, 318-16, 318-18, 308-1, 308-7, 308-8, 308-9, 308-10, 311, 344 ¶¶ 120-171, 318-1, 318-38, 318-3, 318-17, 306, 308-4, 308-5, 308-6, 308-11, 308-12, 305 § 2, 307 ¶¶ 120-154, 313-1, 313-4, 313-6, 313-15, 313-16, 313-17, and 313-52.

2. The motion is **DENIED** in all other respects.

It is **FURTHER ORDERED** that if Intel wishes to maintain any portion of the Rebuttal Expert Report of Glenn Reinman, Ph.D. (D.I. 318-8) or the Transcript of the Videotaped Deposition of Glenn Reinman, Ph.D. (D.I. 318-39) under seal, it shall re-file those documents with proposed redactions by August 10, 2022. The Parties shall un-redact their respective documents, consistent with the Court's rulings above, and re-file those documents by August 10, 2022.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**HON. JOSHUA D. WOLSON**
**United States District Judge**