IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PACT XPP SCHWEIZ AG,**<br><br>*Plaintiff,*<br>v.<br><br>**INTEL CORPORATION,**<br><br>*Defendant.* | Case No. 1:19-cv-01006-JDW |

### MEMORANDUM

In litigation, lawyers argue, and judges decide. Oftentimes, the lawyers (and their clients) are unhappy with the way that a judge decides an issue. But when lawyers disagree with a judge, the remedy is not to tell the judge how "strenuously" they feel about their position. That approach didn't work for Lt. Cdr. JoAnne Galloway because that's not "how it's done."[1] Unfortunately, the lawyers representing PACT XPP Schwiez AG must not like courtroom dramas because they have not learned that lesson. They are unhappy with my summary judgment decision, and they want me to know it. So, for the third time, they have asked me to revisit the ruling. This try fairs no better than the last two.

If anything, this latest attempt is worse because PACT's effort has become dilatory. It's time to stop. If PACT wants to appeal my ruling, it will have an opportunity to do so at the end of the case. It cannot keep fighting a rearguard action to revisit decisions I've

---

[1] A Few Good Men (Castle Rock Entertainment 1992).

made, particularly when its constant attempts to do so ignore everything I've said about the reason I granted summary judgment in the first place.

## I. PROCEDRAL HISTORY

On May 30, 2019, PACT filed a complaint asserting that Intel Corp. infringed 12 of its patents, including the '301 Patent. I issued a summary judgment opinion on March 24, 2023, which granted Intel summary judgment of non-infringement of the '301 Patent. On March 29, 2023, PACT filed a Motion For Reconsideration of my summary judgment opinion regarding the '301 Patent. In its Motion, PACT argued that its expert Dr. Conte offered evidence that "Intel's accused chips … perform sequential data processing." (D.I. 402 at 2.) I denied the reconsideration motion on April 17, 2023. In my ruling, I explained that PACT didn't cite Dr. Conte's report or any other evidence in response to Intel's statement of facts to create a factual dispute about whether Intel's chips process data or only sequences of instructions. I also explained that Dr. Conte's report doesn't say that Intel's chips process data, only that they are capable of processing data, and that was not how PACT described Dr. Conte's report to me. That is, I found PACT's description of Dr. Conte's report misleading (a fact that I now suspect was intentional).

On April 26, 2023, Intel moved to stay this case pending *ex parte* review of the only remaining patent. In response, on May 10, 2023, PACT filed a Conditional Cross-Motion For Entry Of Final Judgment Of Noninfringement. In that Cross-Motion, PACT asked for leave to submit a second motion for reconsideration. PACT explained that it wanted to

seek reconsideration to address my holding that PACT had to show that Intel's chips process data. (D.I. 410 at 11-12.) On May 15, 2023, I denied both Intel's Motion To Stay and PACT's Cross-Motion. In my ruling, I explained that (a) in rejecting PACT's first reconsideration motion, I considered the evidence that PACT had put forward in response to Intel's summary judgment motion and (b) if PACT had other evidence available to it (or even in the record), but did not cite it in response to Intel's statement of facts, then I did not have to consider it in ruling on summary judgment. (D.I. 414 at ¶ 4 (citing Fed. R. Civ. P. 56(c)(1)(A)).) I also explained that "PACT should not think I will allow it to rewrite history in the future." (*Id.*)

On June 2, 2023, PACT filed this second Motion For Reconsideration. As it did with its first Motion For Reconsideration, PACT argues that Dr. Conte's report creates a genuine issue of fact. Incredibly, there's nothing in PACT's Motion to explain how this Motion is different from the first.

## II.    LEGAL STANDARD

PACT invokes Federal Rule of Civil Procedure 59 in its Motion, but that rule only applies to a motion to alter or amend a judgment. Because I have only granted partial summary judgment tin this case, I have not entered judgment, and Rule 59 does not apply. Instead, I treat PACT's Motion like any other motion to reconsider an interlocutory order. A court may reconsider a prior ruling if the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the

court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel Schumann v. Astrazeneca Pharmaceuticals L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). Courts should grant reconsideration "sparingly." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016). A litigant may not use a motion for reconsideration to get a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

## III.     DISCUSSION

I did not invite PACT to file a second motion for reconsideration. PACT alluded to the fact it might do so in its Conditional Cross-Motion For Entry Of Final Judgment, and I warned PACT against rehashing its arguments. I noted that I based my decision, both for summary judgment and PACT's first Motion For Reconsideration, on the arguments PACT made during its briefing for summary judgment.

Despite that warning, PACT takes up the pen once again. In this Motion PACT repeats its attempt to persuade me that I made a mistake based on arguments it didn't raise at summary judgment. Although this time PACT tries to stick to evidence it included in its Opposition to Intel's summary judgment motion, it still doesn't overcome the basic flaws in its original argument.

Every piece of evidence to which PACT points in Dr. Thomas Conte's expert report says that Intel's cores have the "capability" to process data, not that they do so. It's irrelevant that PACT framed the report as "evidence that The Accused Products

sequentially process data," because it didn't say that. When I ruled on summary judgment, I read every portion of Dr. Conte's report that PACT cited at summary judgment. No part of it claims that Intel's cores process data. Dr. Conte only said they *can*. PACT never offered facts to show that Intel's chips are sequential data processors, so there was no dispute on that issue.

PACT now suggests that Dr. Conte's report raises an issue of fact concerning an apparatus claim. The problem for PACT is that it didn't make that argument during summary judgment briefing. It raised its legal argument regarding apparatus claims for the first time in its Motion For Reconsideration. Notably, of the six cases PACT cites for this argument, none—**not one**—appears in its Opposition to Intel's summary judgment motion. As I wrote when I denied PACT's Cross-Motion, I didn't reject arguments about apparatus claims in my summary judgment ruling. Instead, I assessed the evidence and arguments that PACT put forward and concluded that that evidence didn't create a genuine factual dispute about certain parts of Intel's statement of facts. If PACT wanted to argue about apparatus claims at summary judgment, it could have done so. It chose not to do so. Allowing PACT to make new legal arguments regarding apparatus claims at the reconsideration stage would be the definition of allowing it a "second bite at the apple." I won't let it do so.

## IV.     CONCLUSION

PACT made its bed with the arguments it made at summary judgment and the way that it presented its evidence. It wasn't my job to ferret out every argument that PACT might have made. Now, PACT must sleep in the bed that it made. Repeated motions for reconsideration that attempt to undo its mistakes are improper, futile, and dilatory. PACT will have a chance to appeal when there is a final judgment in this case, and maybe it will persuade the Federal Circuit that it did enough to preserve the issue. It's far past time that it stops trying to persuade me of that fact. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 9, 2023